NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS SANTIAGO, | : |
| Plaintiff, | : Civil Action No. 15-7579 (SRC) |
| v. | : OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Luis Santiago ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for supplemental security and disability benefits, alleging disability beginning June 30, 2012. A hearing was held before ALJ Kimberly L. Schiro (the "ALJ") on February 11, 2014, and the ALJ issued an unfavorable decision on May 20, 2014, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of May 20, 2014, the ALJ found that, at step three, Plaintiff did not meet

or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain important limitations, particularly the restrictions to simple and routine tasks, and to no contact with the public. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform his past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) at step two, the ALJ erred in not finding gastrointestinal impairments to be a severe impairment; and 2) at step four, the residual functional capacity determination is not supported by substantial evidence.

As to Plaintiff's first argument, that the ALJ erred at step two in not finding gastrointestinal impairments to be a severe impairment, this cannot be more than harmless error. The ALJ found four other severe impairments at step two, and adding one more to that list would not have had any impact on the outcome of the five-step analysis. The ALJ considered the evidence of gastrointestinal impairments – diverticulitis and bowel obstruction – at step four; the decision at step two did not prejudice Plaintiff.

Plaintiff next argues that, at step four, the residual functional capacity determination is not supported by substantial evidence. In making the step four residual functional capacity determination, the ALJ stated that she gave greatest weight to the opinions of consultative

examining physician Dr. Patel, and agency reviewers Drs. Burk and Galakos.  (Tr. 29.)  Dr. Patel examined Plaintiff and issued a report on October 2, 2012, stating that no sensory, motor, or other deficits were found.  (Tr. 773-6.)  On October 25, 2012, state agency reviewer Dr. Burk completed a physical residual functional capacity assessment which found certain exertional limitations, consistent with the definition of a limitation to sedentary work, as defined in 20 C.F.R. § 404.1567(a).  (Tr. 80-82.)  On January 8, 2013, agency reviewer Dr. Galakos confirmed Dr. Burk's assessment.  (Tr. 100.)  Plaintiff cites no contradictory or conflicting residual functional capacity determination in the record.  Nor does Plaintiff point to any statement from any medical source that finds greater restrictions on Plaintiff's ability to work.  This Court finds that the reports from the three physicians, Drs. Patel, Burk, and Galakos, constitute substantial evidence which supports the residual functional capacity determination at step four.

    Plaintiff has failed to persuade this Court that the ALJ erred in her decision or that he was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                            s/ Stanley R. Chesler
                                               STANLEY R. CHESLER, U.S.D.J.

Dated: August 31, 2016